**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Davida Guse, | ) No. CIV 04-2666-PHX-SMM |
| Plaintiff, | ) **MEMORANDUM OF DECISION** |
| | ) **AND ORDER** |
| v. | ) |
| | ) |
| Alhambra School District Number 68, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pending before the Court are Plaintiff's (Ms. Guse) Motion for Partial Summary Judgment (Doc. 55)[1] and Defendant's Motion for Summary Judgment (Doc. 52)[2] both filed pursuant to Rule 56 and 56.1 of the Federal and Local Rules of Civil Procedure, respectively. This case arises out of a claim of employment discrimination and retaliation by Plaintiff an employee of Defendant, who currently serves as a fourth grade teacher for Granada East School in the Alhambra School District. The motions are fully briefed and ripe for determination. After careful consideration, the Court finds the following.

---

[1] Plaintiff seeks summary judgment as to her ADA and Rehabilitation Act claims (Counts One and Two) on the grounds that Defendant failed to initiate and engage in the interactive process.

[2] Defendant seeks summary judgement on all claims filed by Plaintiff on the grounds that no genuine issues of material fact exist and it is entitled to judgment in its favor as a matter of law. Fed. R. Civ. P. 56.

**BACKGROUND**

In 1993, Frank Terbush, former principal of Granada East Elementary School hired Plaintiff Ms. Guse as a teacher. Both Ms. Guse and Mr. Terbush were 40 years old at the date of hiring. In 2001, Plaintiff opted for panniculectomy[3] cosmetic surgery. As a result, she has been limited in her ability to stand for extended periods or walk for extended distances. On June 20, 2004, Plaintiff filed a complaint within the Alhambra School District alleging that Mr. Terbush had created a "hostile work environment". The District conducted an internal investigation and subsequently found no evidence of a hostile work environment. On July 12, 2004, Plaintiff filed a complaint with the EEOC against Alhambra, alleging claims of disability discrimination, age discrimination, and retaliation. The EEOC found no cause to pursue the matters, and on August 27, 2004, it issued to Plaintiff a right to sue letter. Thereafter, on November 23, 2004, Plaintiff filed suit against District 68 Alhambra School, alleging: (1) disability discrimination under the Americans with Disabilities Act (ADA); (2) discrimination under Section 504 of the Rehabilitation Act (Section 504)[4]; (3) age discrimination under the Age Discrimination in Employment Act (ADEA); and (4) retaliation. Plaintiff remains employed as a teacher at Granada East Elementary School. She has not been transferred, demoted, failed to be promoted, or experienced a loss of pay.

**STANDARD OF REVIEW**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[3]Panniculectomy surgery is a reconstructive surgical procedure performed to remove a panniculus, sometimes referred to as a pannus or abdominal apron.

[4]There is no significant difference in the analysis of a claim arising under Section 504 of the Rehabilitation Act and a claim involving a violation of the Americans with Disabilities Act. *Zukle v. Regents of the University of California*, 166 F.3d 1041, 1045 n. 11 (9th Cir. 1999); *Vinson v. Thomas*, 288 F.3d 1145, 1152 (9th Cir. 2002).

law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nevada Federal Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *see also Jesinger*, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Jesinger*, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322; *see also Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *See Celotex*, 477 U.S. at 323-24. The party opposing summary judgment need not produce evidence "in a form that would be admissible at trial in order to avoid summary judgment." Id. at 324. However, the nonmovant "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88 (1986); *Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1049 (9th Cir. 1995).

**UNDISPUTED FACTS**

In 2001, Plaintiff underwent elective cosmetic surgery known as a Panniculectomy.

On February 13, 2004, Ms. Guse provided Alhambra with a physician's note which stated, "please limit periods of extended standing or walking due to medical condition.

On March 31, 2004, Ms. Guse violated Alhambra's policy by leaving campus during the professional work day and failing to her supervisor of her departure.

In February of 2004, Mr. Terbush received the results of an audit conducted by the fire marshal, which indicated several violations in Ms. Guse's classroom. He placed an asterisk next to her name on her yearly evaluation. Pursuant to District policy, five asterisks on an evaluation will result in a professional development plan.

On June 20, 2004, Ms. Guse filed a complaint with the District generally alleging that Mr. Terbush created a "hostile work environment". In response, the District conducted an internal investigation and the Superintendent responded directly to Ms. Guse. The District found no evidence of hostile work environment.

On April 18, 2005, Mr. Terbush reprimanded Ms. Guse about an email he received from her which was sent in violation of the Districts computer policies.

Ms. Guse remains employed as a fourth grade teacher by Alhambra School District.

## DISCUSSION[5]

Title I of the Americans with Disabilities Act of 1990 (ADA) ensures full opportunities for people with disabilities in the workplace by requiring employers to provide reasonable accommodations for **employees with disabilities**. *Barnett v. U.S. Air, Inc*, 228 F.3d 1105, 1110 (9th Cir. 2000). The Act is intended to protect disabled employees in the workplace by prohibiting affected employers from, among other things, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an ... employee, unless such [employer] can demonstrate that the accommodation would impose an undue hardship on the operation of

---

[5] The Court notes that it has intentionally not discussed every argument raised by the parties. Those arguments not discussed are considered by the Court to be unpersuasive, cumulative, not relevant, or otherwise not necessary to the resolution of the pending matter.

the business of such [employer]." 42 U.S.C. § 12112(b)(5)(A). *Barnett v. U.S. Air, Inc.* 157 F.3d 744, 748 (9th Cir. 1998).

**I.    Defendant's Motion for Summary Judgment is GRANTED (Doc. 52)**

    **A.    Americans With Disabilities Act (ADA) and Rehabilitation Act**

To successfully bring a claim under the ADA and Section 504 of the Rehabilitation Act[6], an employee has the burden of establishing that she is a "qualified individual with a disability." The employee must show that she is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see also Cooper v. Neiman Marcus Group*, 125 F.3d 786, 790 (9th Cir.1997); *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir.1996). Thus, to establish a prima facie case of disability discrimination a plaintiff must show that (1) she is a disabled person within the meaning of the ADA, (2) she is capable of performing the essential functions of the job with or without reasonable accommodation, and (3) she has suffered an adverse employment decision as a result of her disability. *See* §§ 12112(b)(5)(A) & 12111(8); *see also Kennedy,* 90 F.3d at 1481.

The first inquiry the Court must make is whether the Plaintiff is a person with a disability as defined by the ADA and the Rehabilitation Act. According to Ninth Circuit jurisprudence, an individual is disabled under the law if he or she (1) has a physical or mental impairment that *substantially limits* one or more of the individual's *major life activities*; (2) has a record of such an impairment; or (3) is *regarded as* having such an impairment. *Deppe*

---

[6]The standards used to determine whether there has been a violation of Section 504 of the Rehabilitation Act are the same standards applied under the Americans with Disabilities Act. *See* 42 U.S.C. §12133; 29 U.S.C. § 794(d); *see also* 29 C.F.R. § 1614.203(b); *McLean v. Runyon,* 222 F.3d 1150, 1153 (9th Cir.2000).

*v. United Airlines,* 217 F.3d 1262, 1265 (9th Cir.2000); *see also* 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g).

The physicians' notes provided to the Court by Plaintiff indicate the necessity for Plaintiff to limit her lifting, walking, and standing due to her physical condition. Assuming these limitation indicate an impairment, the Court must determine if the impairment *substantially impairs a major life activity*. A major life activity is a function "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I). To be substantially limited in any of these activities, a person must be unable to perform the major life activity or be "significantly restricted as to condition, manner or duration under which [she] can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j); *see also Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 195 (2002); *EEOC v. United Parcel Serv., Inc.,* 306 F.3d 794, 802 (9th Cir.2002).

According to the interpretive regulations promulgated by the EEOC, working is considered a major life activity. With respect to working, "substantially limited" is defined as an individual being "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." Furthermore, the regulations specify that "the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." Moreover, in "regarded as" cases, the employer must perceive the individual as having an actual disability under the ADA. *Deppe v. United Airlines,* 217 F.3d 1262, 1265 (9th Cir. 2000). In the case at bar, the Plaintiff has provided no evidence that she is ***disabled under the law*** or that her employer ***perceived her*** as having an ***actual disability under the law***. At best, Plaintiff has provided information of a temporary medical condition, not a permanent disability under the law. *See Celotex*, 477 U.S. 317.

Consequently, Defendants Motion for summary judgment is **GRANTED** as to Plaintiff's ADA and Rehabilitation claims.

### B. Age Discrimination In Employment Act (ADEA)

The ADEA makes it unlawful for an employer "to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual [who is at least forty years old] with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1); *see Id.* § 631(a). ADEA cases are analyzed using the framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973). Thus, to establish a violation of the ADEA under a disparate treatment theory, a plaintiff must first establish a prima facie case of age discrimination. To do so, a plaintiff "must show that (1) he or she is a member of a protected class; (2) he or she was qualified for the position; (3) he or she was subject to an adverse employment action; and (4) similarly situated individuals outside the protected class were treated more favorably." *Chuang v. Univ. of Calif. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000).

After successfully establishing a prima facie case, the burden shifts to the defendant, who must then proffer a legitimate, nondiscriminatory reason for its employment decision. *Id.* at 1123-24. If the defendant provides a legitimate reason, the burden shifts back to the plaintiff who then must show that the defendant's proffered reason is pretextual "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy if credence." *Id.* at 1124 (*quoting Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

It is undisputed that as a 49 year old individual, Plaintiff is a member of a protected class under the ADEA. Defendant, however, contends that Plaintiff fails to establish a prima facie case because Plaintiff neither suffered an adverse employment action, nor established

that similarly situated individuals outside the protected class were treated more favorably than was she. The Court will discuss each of these matters accordingly.

Defendant concedes that Ms. Guse has been reprimanded, but each time, Defendant contends that the facts demonstrate that the reprimand was legitimate, handled in accordance with district policy, and justified based on Ms. Guse's conduct. Defendant's argument is well taken.

On March 31, 2004, Ms. Guse violated Alhambra's policy by leaving campus during the professional work day for personal reasons and failing to inform her supervisor of her departure, thereby failing to comply with campus procedure. Consequently, Mr. Terbush, her supervisor at the time, wrote a letter of direction to Ms. Guse clarifying campus procedure. A letter of direction is not considered a "reprimand" and it was not placed in Ms. Guse's personnel file. Thus, Defendant argues that there was no adverse employment action suffered by Ms. Guse as a result of the letter. Furthermore, there is no evidence in the record indicating that similarly situated staff members who were not members of the protected class were treated any differently when it came to the particular campus procedure.

In or around February 2004, Mr. Terbush received the results of an audit conducted by the Fire Marshal at Granada East Elementary. The results of the audit exposed several violations which existed in Ms. Guse's classroom. Consequently, Mr. Terbush met with Ms. Guse to discuss the violations and the need to eradicate the dangerous conditions. According to Defendant, Mr. Terbush allegedly met with other teachers who had violations in their classrooms as well. Mr. Terbush placed an asterisk on Ms. Guse's yearly evaluation, as he did on other teachers' evaluations, indicating the need for the teacher to respond.[7] Whether an asterisk on an evaluation amounts to an adverse employment action is a question of law. Here, if Ms. Guse had provided the Court with evidence that other similarly situated teachers

---

[7] Pursuant to District policy, five asterisks on an evaluation results in a professional development plan to improve inadequate performance.

- 8 -

outside the protected class were treated more favorably by not being written up for the same violations, the Court would look to Ninth Circuit jurisprudence to determine whether such an action would be cognizable as an adverse employment action. However, because the Plaintiff failed on the last prong of the test, the Court need not determine whether an adverse employment action existed.

Ms. Guse also alleges that she was discriminated against based on her age by Mr. Terbush because although she had more years of teaching experience, Terbush "ignored her requests and assigned student teachers to younger faculty members and sent younger faculty members to conferences." To support this, Ms. Guse cites to her own deposition. However, she does not provide the Court with evidence that Mr. Terbush actually ignored her requests or that student teachers were being assigned to faculty members outside of the protected class at a rate any higher than those inside the protected class. In sum, there is a marked lack of evidence in the record to support Ms. Guse's assertion that Mr. Terbush discriminated against her based on her age by allegedly not assigning her a student teacher or sending her to conferences.

Ms. Guse also contends that Mr. Terbush discriminated against her based on her age by ignoring her in faculty meetings and refusing to acknowledge her input. He was also allegedly "rude" and "harsh" toward her, more so than he was to others at Granada East Elementary School. To support this assertion, Ms. Guse cites to the deposition of Andrea Moore, in which she states that Mr. Terbush was rude to everyone[8], but was rude on a more consistent basis to Ms. Guse, from what Ms. Moore "noticed". Plaintiff has asserted that she was discriminated against by Mr. Terbush on numerous occasions. Plaintiff however has failed to articulate to the Court the adverse employment action(s) resulting from the alleged

---

[8]Ms. Moore does not specify as to whether the "everyone else" she was referring to were people outside the protected class. Further, Ms. Guse does not articulate the adverse employment action resulting from the alleged discriminatory conduct.

1 discriminatory conduct. Further, Plaintiff has not provided the Court with sufficient evidence
2 to establish that **similarly situated individuals** outside the protected class were treated more
3 favorably than Plaintiff. Therefore, Defendant is entitled to summary judgment as to
4 Plaintiff's charge that Mr. Terbush's conduct amounted to age discrimination.

5 During her deposition, Ms. Guse unequivocally testified that Mr. Terbush was the
6 only individual in the Alhambra Elementary School District who discriminated against
7 Plaintiff. However, despite this sworn assertion, Plaintiff maintains in her Motion for
8 Summary Judgment and her Response to Defendant's Motion for Summary Judgment that
9 Ms. Kennedy also discriminated against her. Assuming Plaintiff did not absolve Ms.
10 Kennedy of liability by her deposition testimony, Plaintiff must provide the Court with
11 evidence to satisfy a prima facie case of age discrimination against both Mr. Terbush and Ms.
12 Kennedy.

13 The only evidence that Plaintiff has provided the Court with regarding Ms. Kennedy's
14 alleged age discrimination against her is the deposition testimony of Ms. Guse's colleague
15 Andrea Moore, wherein Ms. Moore testified that Ms. Kennedy told Ms. Moore the previous
16 year that she "wanted her [Ms. Guse] gone or her way of teaching is going to have to stop."
17 She also testified that Ms. Guse was not the only teacher Ms. Kennedy spoke of this way.
18 Ms. Moore testified that Ms. Kennedy told her that she also wanted Mr. Fonner, Mr. Aguirre,
19 and Mr. Flamm gone. It is Ms. Moore's belief that each of those teachers is over the age of
20 40. Assuming they are all over the age of 40, this evidence does not alone establish age
21 discrimination. For example, there is no evidence establishing the age and or teaching styles
22 of the other teachers. There is no evidence establishing or even supporting an inference that
23 age had any part in Ms. Kennedy's alleged comment to Ms. Moore. In fact, there was a
24 complete lack of evidence to suggest any conduct motivated in part or in whole by
25 impermissible considerations of Plaintiff's age. Essentially, Plaintiff has wholly failed to
26 demonstrate that she was subject to an adverse employment action and that similarly situated
27

1  individuals outside the protected class were treated more favorably than she was by Ms.
2  Kennedy.  This is critical to satisfying the prima facies case of age discrimination.
3  Therefore, Defendant is entitled to summary judgment as to Plaintiff's charge that Ms.
4  Kennedy's conduct amounted to age discrimination.

### C. Retaliation[9]

Proof of unlawful retaliation is established using the *McDonnell Douglas* burden shifting framework used to prove discrimination. *Calmat Co. v. U.S. Dept. of Labor*, 364 F.3d 1117, 1122 (9th Cir.2004)(*citing Clean Harbors Environmental Sevices Inc. v Herman*, 146 F.3d 12,21(1st Cir. 1998); *Yellow Freight Systems Inc. v. Robert B. Reich, Secretary of Labor, et al.*, 8 F.3d 980, 983 (4th Cir. 1983). Thus, Plaintiff has the initial burden of establishing a prima facie case by raising an inference that the protected activity was likely the reason for the adverse employment action. *Id.*; *McDonnell Douglas Corp*., 411 U.S. at 801. Once the plaintiff has established a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse employment decision. *Id; McDonnell Douglas Corp.,* 411 U.S. at 801. If the defendant advances reasons to rebut the inference of retaliation, the plaintiff bears the ultimate burden of demonstrating by a preponderance of the evidence that the reasons articulated were pretext for retaliation. *Id.*

In order to establish a prima facie case of retaliation under 42 U.S.C. § 2000e-3(a) a plaintiff must show that (1) he or she engaged in an activity or right protected by statute; (2) the employer engaged in conduct having an adverse impact on the plaintiff; and (3) the adverse action was causally related to the plaintiff's exercise of protected rights. *See Steiner*

---

[9]If Plaintiff intended to assert that failure to participate in the interactive process was an adverse employment action, the Court finds that Plaintiff failed to provide the Court with a concise analysis including pinpoint citations to authority supporting the assertion, as well as evidence to establish the requisite causal connection.

*v. Showboat Operating Co.,* 25 F.3d 1459, 1464 (9th Cir. 1994); *Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir. 2000)[10].

It is undisputed that Plaintiff engaged in activities protected by the ADA, the Rehabilitation Act, and the ADEA when she complained to the EEOC. The core issue here is whether Ms. Guse has suffered a cognizable adverse employment action under the law, and if so, whether she has provided sufficient evidence of a causal link between her protected activities and the adverse employment actions, and whether she can overcome the Defendant's proffered nondiscriminatory reasons for the actions by producing evidence demonstrating the reason is pretext for retaliation. To overcome any reasons set forth by the Defendant, Plaintiff must come forward with pretextual evidence that is both specific and substantial. *Bradley v. Harcourt, Brace and Co.*,104 F.3d 267, 270 (9th. Cir. 1996).

The EEOC has interpreted "adverse employment action" to mean "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." EEOC Compliance Manual Section 8, "Retaliation," ¶ 8008 (1998). Despite the fact that EEOC Guidelines are not binding on the courts, they "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 65 (1986) (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944)); *see also Gutierrez v. Municipal Court,* 838 F.2d 1031, 1049 (9th Cir.1988). Thus, the Ninth Circuit found the EEOC test to be consistent with its prior holdings. *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).

Specific examples of actions found to be adverse employment actions under the EEOC test are lateral transfers, unfavorable job references, and changes in work schedules.

---

[10]Plaintiff's prima facie cases of retaliation under the ADEA are the same as under the ADA and the Rehabilitation Act. *See Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1464-65 (9th Cir. 1994); *see also* 29 U.S.C. § 791(g); 42 U.S.C. § 12203(a).

*Id*. It has been determined that each of the actions are reasonably likely to deter employees from engaging in protected activity. *Id.* However, the EEOC test does not cover every offensive utterance by co-workers, because offensive statements by co-workers do not reasonably deter employees from engaging in protected activity. *Id.* The focus of the EEOC test is not on the ultimate effects of each employment action, rather, the test focuses on the deterrent effects. *Id.*

On June 20, 2004, Ms. Guse filed a complaint within the District generally alleging that Mr. Terbush had created a "hostile work environment." Thereafter, the District conducted an internal investigation, and the Superintendent responded directly to Ms. Guse regarding each of her allegations. The District found no evidence of hostile work environment.

On July 12, 2004, Ms Guse filed a complaint with the EEOC against Alhambra, alleging disability discrimination, age discrimination, and retaliation. The EEOC investigated Plaintiff's charges but did not find any cause to pursue the matter. Accordingly, the EEOC issued a right to sue letter to Ms. Guse on August 27, 2004.

On Friday, April 15, 2005, Ms. Guse sent an email to the Fourth Grade Staff at Granada East Elementary School, Mr. Terbush, Ms. Garcia-Rico, and Dr, Rice, the Superintendent of the District, in which she voiced several remarks of which Mr. Terbush alleges were negative, unprofessional and violated the District policies. Thereafter, the District received several complaints from teachers who received the email and were offended by Ms. Guse's tone and language.[11] Consequently, on April 18, 2005, Mr. Terbush delivered

---

[11]Plaintiff also contends that Mr. Terbush's conduct as it relates to the email was discriminatory. However, Plaintiff failed to provide the Court with evidence that a similarly situated individual was treated more favorably than she was (i.e. an individual who violated computer policy as Plaintiff did, sent an email containing language similar to that of Plaintiff's email, and had a similar list of offended recipients). The fact that another teacher used vulgar language does not automatically make that person "similarly situated" under the law.

a letter of reprimand to Ms. Guse for inappropriate and unethical use of the email policy and thereafter suspended her email privileges. Causation sufficient to establish the third element of the prima facie case of retaliation may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision. *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. *1987)(citing Miller v. Fairchild Indus., Inc,* 797 F.2d 727, 731-32 (9th Cir. 1986)). The Court finds that Plaintiff has failed to provide evidence of an adverse employment action that would be likely to deter an employee from engaging in protected activity. Furthermore, the Court finds that Plaintiff has failed to provide the Court with evidence to establish that any alleged adverse action was causally related to the plaintiff's exercise of a protected activity. Finally, despite the arguable proximity in time between the complaint filed with the EEOC and the reprimand by Mr. Terbush, the nine month span is insufficient to create an inference strong enough to overcome the fact that Plaintiff has failed to provide the Court with specific and substantial evidence countering Defendant's proffered legitimate business reason (i.e. the violation of computer policy in combination with the complaints by recipients regarding the email). Therefore, Defendant's Motion for Summary Judgment is **GRANTED** in so far as it pertains to Plaintiff's claim of retaliation.

**II.     Plaintiff's Motion for Summary Judgment is DENIED (Doc. 55)**

Plaintiff contends that she is entitled to summary judgment because Defendant, acting through its supervisors, failed to initiate and in good faith, engage in the "interactive process" as mandated by Ninth Circuit law. By failing to do so, she alleges that Defendant failed to reasonably accommodate her disability. In *Barnett v. U.S. Air, Inc*., 228 F.3d 1105, 1112 (9th Cir.2000) (*en banc*), *vacated on other grounds, U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, the Ninth Circuit held that upon request of an employee for an accommodation or upon recognition by employer that there is **the need for an accommodation** by an employee who cannot request it **because of a disability**, the employer **must** engage in an interactive process

1 with the employee to determine the appropriate reasonable accommodation. *Id.* (Emphasis added).

Thus, to be entitled to summary judgment as a matter of law for Defendant's failure to engage in the interactive process, Plaintiff must commence by establishing that she is disabled under the ADA and the Rehabilitation Act. As previously determined, Plaintiff has failed to do so. In Defendant's Response to Plaintiff's Separate Statement of Facts in Support of Plaintiff's Motion for Partial Summary Judgment, (Doc. 62, ¶ 4) Defendant objected to Plaintiff's assertion that she is disabled under either the ADA or the Rehabilitation Act, noting that Plaintiff's assertion is supported only by her own self serving conclusions and two physicians' notes. One physician's note dated August 9, 2001 states "for the next 6 weeks, please excuse Davida from lifting or pushing more than 5-10 lbs, standing for more than 10 minutes at a time, bending and stomping, and no walking more than ½ block at a time while continuing recovery from surgery." The second physician's note provided by Plaintiff to her employer, dated February 13, 2004 states, "please limit periods of extended standing or walking due to medical condition."

For summary judgment to be proper, there must be no genuine issue of material fact regarding whether Plaintiff has a disability. The only record of impairment that Plaintiff has provided the Court with is that which includes the two aforementioned physicians' notes. Contrary to the requirements of the law, Plaintiff's evidence merely established that she suffered from a medical condition that required her to limit certain activities such as standing and walking. However, Plaintiff's evidence fails to demonstrate the extent of her "medical condition" or establish that she suffers from an impairment that substantially limits a major life activity, thereby establishing a disability *under the law*. Moreover, it is evident from the record that Defendant does not unequivocally *perceive* Plaintiff as having "an impairment"or a disability. *Id.* Plaintiff has therefore failed to establish that she is disabled under the law

and has not demonstrated that she is entitled to summary judgment in her favor. *Id.* Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED.**

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendant's Motion for Summary Judgment (Doc. 52).

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for Partial Summary Judgment (Doc. 55).

DATED this 21st day of June, 2007.

_____
Stephen M. McNamee
United States District Judge